UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
DEC 1 5 2017
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

| | | |
|---|---|---|
| DON STEVENSON DESIGN, INC. | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | Civil No. SA-16-cv-01128-RCL |
| v. | § | |
| | § | |
| TBP ENTERPRISES I, LTD.; | § | |
| TBP ENTERPRISES, INC.; and | § | |
| TIMOTHY B. POWELL | § | |
| DEFENDANTS. | § | |

### Memorandum Opinion:
### Granting Plaintiff's Opposed Motion for Leave to Amend Complaint
### Denying as Moot All Other Motions

The Court has before it the following motions and all responses and replies thereto:

- Defendant's Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c). (ECF #23).

- Plaintiff's Motion for Leave to File Sur-Reply Brief in Response to Defendants' Reply to Plaintiff's Response to Defendants' Motion for Judgment on the Pleadings. (ECF #30).

- Defendant's Opposed Motion to Stay Discovery Deadline. (ECF #28).

- Plaintiff's Motion for Leave to File Sur-Reply Brief in Response to Defendants' Reply to Plaintiff's Response to Defendants' Motion to Stay Discovery Deadline. (ECF #33).

- Plaintiff's Opposed Motion for Leave to Amend Complaint. (ECF #31).

For the following reasons, the Court will **GRANT** the Motion for Leave to Amend Complaint.

This action will moot all of the other pending motions.

1

## Background

This is a copyright infringement action. The plaintiff, Don Stevenson Design, Inc. ("DSD") alleges that the defendants infringed upon [DSD's] copyright protected home design, the "Sea Breeze," by "advertising designing, marketing, constructing and participating in the construction of one or more residences which were largely from or were exact duplicates of the Sea Breeze." (ECF #1 at 3, ¶11). DSD provides as examples of the allegedly infringing structure the homes located at 6118 Sierra Avila, San Antonio, Texas 78257, and 8618 Terra Mont Way, Helotes, Texas 78203. (*Id.*).

After the original complaint and the defendants' answers were filed, the defendants moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). In that motion, the defendants argue that DSD failed to state a cognizable claim for copyright infringement for the following reasons: (1) DSD failed to specify the original work made the subject of the claim; (2) DSD failed to specify what specific acts each defendant committed that constitute copyright infringement; and (3) DSD failed to specify the time frame in which the alleged copyright infringement occurred. (ECF #23).

The defendants later moved to stay discovery in the case. They argued that the same lack of specificity on which they based their motion for judgment on the pleadings has turned the discovery process into a simple fishing expedition with no firm guides to determine what is and is not discoverable. (ECF #28).

DSD contests both motions, insisting that its complaint is sufficient both to state a claim of copyright infringement and to guide discovery. But it has, "in an abundance of caution," sought leave to amend its complaint "to address and cure [the defendants'] alleged confusion regarding the factual basis of DSD's claims." (ECF #31 at 2, ¶2). The Court now addresses this motion.

## Analysis

Under Rule 15(a), a party may be permitted to amend its pleading before trial. Under Rule 15(a)(1), this amendment is permitted as a matter of course so long as it is made within 21 days of serving the original pleading or within 21 after service of a responsive pleading or certain Rule 12 motions. Under Rule 15(a)(2), this amendment is permitted only with the opposing party's written consent or with the court's leave. In such circumstances, the court should give leave freely "when justice so requires." (Fed. R. Civ. P. 15(a)(2)).

In this case, the time has passed for DSD to be able to amend its complaint as a matter of right. But here we have a situation where the defendants claim that the original complaint is defective and the alleged defects are preventing effective discovery from occurring. DSD states that its amended complaint will "address and cure" the defendants' objections to the complaint. And though the defendants have not given their consent for DSD to amend its complaint, they also have not responded to the motion or provided the Court with any reason for which it should not give to DSD that which Rule 15(a)(2) says ought freely to be given. In these circumstances, the Court sees no reason not to grant DSD leave to amend its complaint. Therefore, the Court will **GRANT** DSD's motion for leave to amend its complaint.

Once DSD's amended complaint is filed, the defendants' motions for judgment on the original pleadings will be moot. The same is true for the defendants' discovery objections based on the alleged defects of the original complaint. Therefore, the Court will **DENY** the remaining pending motions before it. A separate order shall issue.

SIGNED this  15th  day of December, 2017.

*Royce C. Lamberth*
HONORABLE ROYCE LAMBERTH
UNITED STATES DISTRICT JUDGE