FILED
APR 1 9 2018
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DON STEVENSON DESIGN, INC. | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | Civil No. SA-16-cv-01128-RCL |
| v. | § | |
| | § | |
| TBP ENTERPRISES I, LTD.; | § | |
| TBP ENTERPRISES, INC.; and | § | |
| TIMOTHY B. POWELL | § | |
| DEFENDANTS. | § | |

**Memorandum Opinion:
Denying Defendants' Motion to Dismiss Plaintiff's Amended Complaint [ECF #39]**

The Court has before it the defendants' motion [ECF #39] to dismiss the plaintiff's amended complaint. The defendants argue that the plaintiff's claims are barred by the applicable statute of limitations. But because the evidence that the defendants offer in support of their argument is not appropriately considered as part of a motion to dismiss, and because that evidence, even if admissible, does not demonstrate that the statute of limitations bars the plaintiff's claims, the Court will DENY the defendants' motion.

## BACKGROUND

The Court now recites those of the plaintiff's well-pleaded facts that are relevant to the motion to dismiss.

The plaintiff—Don Stevenson Design, Inc. ("DSD")—is the creator/designer of an architectural design called the "Sea Breeze." DSD owns the copyrights to this architectural design. DSD alleges that the defendants—a general contractor and its owner and affiliates—infringed

1

DSD's copyright by constructing a residence at 6118 Sierra Avila, San Antonio, Texas, that uses the Sea Breeze design.

DSD alleges that it first became aware of this infringement in mid-March 2014. DSD filed its original complaint in November 2016 and filed its amended complaint (with the Court's leave) in December 2017. In its amended complaint, DSD asserts claims for copyright infringement against all of the defendants. The defendants now seek to dismiss the amended complaint.

## THE MOTION TO DISMISS

In their motion to dismiss, the defendants argue that DSD's copyright claims are barred by the applicable statute of limitations. Copyright infringement actions are subject to a three-year statute of limitations. (17 U.S.C. § 507(b) ("No civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claims accrued.")). The defendants argue that the limitations period began to run in June or July 2013, at which time DSD was allegedly aware that the defendants were building the Sierra Avila home using the Sea Breeze plans. In support of this contention, the defendants attach three exhibits to their motion to dismiss: (1) an email chain from June 2013 that the defendants say prove that DSD gave to the defendants a license to build the Sierra Avila home [ECF #39-1]; (2) an email in which DSD sent to the defendants a modified version of the Sea Breeze architectural plans [ECF #39-2]; and (3) an email chain purporting to show that DSD agreed to grant to the defendants an exclusive license to use the Sea Breeze plans and that DSD was planning to put the grant into writing [ECF #39-3]. And because the limitations period started running in, at the latest, July 2013, the limitations period expired in July 2016, before DSD filed suit.

## LEGAL STANDARD

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." (FED. R. CIV. P. 12(b)(6)). In analyzing a motion under Rule 12(b)(6), courts "accept 'all well pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" (*United States ex rel. Vavra v. Kellogg Brown & Root, Inc.*, 727 F.3d 343, 346 (5th Cir. 2013) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007))). To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." (*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). While courts must accept all well-pleaded facts as true and view them in a light most favorable to the plaintiff, conclusory allegations and unwarranted deductions of facts are not accepted as true and will not preclude dismissal. (*In re Enron Corp. Sec., Derivative, & "ERISA" Litig.*, 439 F. Supp. 2d 692, 696 (S.D. Tex. 2006)).

## ANALYSIS

### I. The Defendants' Exhibits to their Motion to Dismiss May not Be Considered Yet.

In considering motions to dismiss under Rule 12(b)(6), the Court "must limit itself to the contents of the pleadings, including attachments thereto." (*Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000)). As such, if a defendant includes information or exhibits in its motion to dismiss that are not part of the pleadings, the motion cannot be treated as a motion to dismiss, but rather as a motion for summary judgment, and the "parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." (FED. R. CIV. P. 12(d)).

But there is an exception to this general rule. Under that exception, "documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." (*Collins*, 224 F.3d at 498–99). "Thus, for a document to be incorporated into the pleadings under this exception, it must (1) be attached to a defendant's motion to dismiss, (2) be referred to in the plaintiff's complaint, and (3) be central to the plaintiff's claim." (*Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011)).

Here, the defendants' exhibits in support of their motion to dismiss do not meet these requirements. Though the exhibits are attached to the motion to dismiss, they are neither referred to in DSD's complaint nor central to DSD's claim. A license to use the Sea Breeze designs is not an element of DSD's claim. Rather, such a license would be part of an affirmative defense that the defendants may allege. But the Fifth Circuit "plainly prohibits district courts from incorporating documents" into the pleadings "that are mere evidence for the defense." (*Id.*). And the attachments to the defendants' motion to dismiss are just that—evidence for the defense. Therefore, the Court cannot consider the defendants' exhibits in considering this motion to dismiss. And because the defendants' motion to dismiss relies on the defendants' own evidence, rather than the well-pleaded facts in the pleadings, the Court will DENY the motion to dismiss.

II. **Even if the Court Could Consider the Defendants' Exhibits, the Court Would Deny the Motion to Dismiss.**

The defendants argue that their exhibits show that "there is no dispute that Plaintiff was aware in June and July of 2013 that Defendants were building the Sierra Avila home with the Sea Breeze plans." (ECF #39 at 5). This is so, the defendants say, because the defendants were "granted a license to build the Sierra Avila home." (ECF #46 at 4). The defendants point to the exhibits attached to their motion to dismiss to support this claim.

4

Having reviewed the exhibits to the defendants' motion to dismiss, the Court concludes that the contents of the exhibits do not demonstrate that DSD granted to the defendants a license to build the Sierra Avila home. Viewed in the light most favorable to DSD, the exhibits (email chains discussing the possibility of granting a license and amended designs) are nothing more than negotiations showing that the defendants wanted to build Sea-Breeze-style residences, that the defendants sought an exclusive license to do so, and that DSD gave serious consideration to the notion. Nothing in the exhibits establishes—or even implies—that any license was actually granted. And nothing in the exhibits establishes that DSD was aware that the defendants were actually building a home using the Sea Breeze, rather than merely hoping to do so.

As such, even if the Court considered the exhibits to the defendants' motion to dismiss, the Court would not conclude that those exhibits, viewed in the light most favorable to DSD, show that DSD knew or had reason to know of any infringing acts in June or July 2013. Rather, the well-pleaded facts contained in the actual pleadings assert that DSD did not become aware of any infringement until March 2014. That awareness triggered the running of the limitations period and gave DSD until March 2017 to file its copyright infringement claims. DSD filed this suit in November 2016, well within the limitations period. Therefore, the Court will DENY the defendants' motion to dismiss DSD's claims on limitations grounds.

## CONCLUSION

The Court cannot consider the exhibits to the defendants' motion to dismiss because those exhibits are not part of the pleadings in this case. Rather, the Court must limit itself to the well-pleaded facts contained in the actual pleadings. The well-pleaded facts contained in the pleadings show that DSD's copyright infringement causes of action arose in March 2014.

Therefore, the statute of limitations had not run when DSD filed this lawsuit in November 2016. For that reason, the Court will DENY the defendants' motion to dismiss DSD's claims.

A separate order will issue.

SIGNED this 19th day of April, 2018.

HONORABLE ROYCE LAMBERTH
UNITED STATES DISTRICT JUDGE

6