## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | |
|---|---|
| **DON STEVENSON DESIGN, INC** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **Civil Case No. 5:16-cv-01128-RCL** |
| ) | |
| **TBP ENTERPRISES I, LTD.,** ) | |
| **TBP ENTERPRISES, INC. AND** ) | |
| **TIMOTHY B. POWELL,** ) | |
| ) | |
| Defendants. ) | |

## <u>MEMORANDUM OPINION</u>

This is a copyright infringement case regarding the design and construction of a residential property located at 6118 Sierra Avila, San Antonio, Texas 78257 ("the Sierra Avila Home"). Plaintiff Don Stevenson Design, Inc. commenced this action against defendants TBP Enterprises I, LTD., TBP Enterprises, Inc., and Timothy Powell (individually and collectively, "defendants") on November 9, 2016, with the filing of plaintiff's original complaint for violations under the Federal Copyright Act of 1976. Plaintiff later obtained leave to file its amended complaint on December 18, 2017 [ECF No. 38], which is now plaintiff's operative pleading in this case. Thereafter, defendants each filed an answer and affirmative defense to the complaint, all of which are virtually identical. ECF Nos. 40; 41; 42. Notably for purposes of this opinion, defendants have raised the applicable statute of limitations as the basis for one of their affirmative defenses in this action. *See* ECF No. 40 ¶ 29; ECF No. 41 ¶ 29; ECF No. 42 ¶ 29.

Plaintiff is the original creator and owner of an architectural work entitled and advertised as the "Sea Breeze." Compl. ¶¶ 6-7, ECF No. 38. Plaintiff alleges that it owns the entire right, title,

and interest in and to the work, and to the copyrights thereon and registrations thereof, which were allegedly infringed upon by defendants in the design and construction of the Sierra Avila Home. Compl. ¶¶ 8-13. Plaintiff alleges more specifically that in 2014, without any authorization, defendants infringed on plaintiff's copyright of the Sea Breeze design by copying the protected work and using it to build the subject Sierra Avila Home. Compl. ¶¶ 18, 21, 24.

Prior to this alleged infringement, defendants gained access to plaintiff's protected work by purchasing a single-use license for the Sea Breeze plan, which was used by defendants to design and construct a residence located at 8618 Terra Mont Way, Helotes, Texas 78203 (the "Helotes House"). However, plaintiff alleges that no such license was ever purchased by defendants to use the Sea Breeze plan again in designing and constructing the Sierra Avila Home at issue in this litigation. ECF No. 56 at 3.

Plaintiff further alleges that Hyden was hired as a draftsman for defendants to make adjustments to the Sea Breeze plan as needed in the course of defendants' design and construction of both the Helotes House and the subject Sierra Avila Home. *Id.* Plaintiff alleges that this position makes Hyden a critical witness to the case, as he likely has firsthand knowledge of any alleged infringement. *Id.* Further, plaintiff alleges that it is likely that Hyden has information relevant to defendants' purported statute of limitations affirmative defense. *Id.*

Accordingly, on August 28, 2018 plaintiff served a notice of service of subpoena on Hyden. Two days later, defendants' counsel advised plaintiff that she had been retained to represent Hyden regarding the subpoena, and asserted Hyden's initial objection to the subpoena. *Id.* at 3–4. On September 13, 2018, Hyden filed his objections to and opposed motion to quash or modify subpoena and motion for sanctions. ECF No. 54.

Hyden objects to and seeks to quash the following numbered items:

1. All preliminary, intermediate, and final plans, specification, sketches, drawings or visual representations of any kind, including CAD Files, of any plan prepared by Don Stevenson Design, Inc. or based on any plan prepared by Don Stevenson Design, Inc., or any derivative thereof.

3. One copy of each and every floor plan, and one copy of each and every elevation, of any residence which is based upon or derived from any version of the plans used to design and/or construct the house located at 6118 Sierra Avila, San Antonio, Texas 78257.

4. One copy of each and every floor plan, and one copy of each and every elevation, of any residence which is based upon or derived from any version of the plans used to design and/or construct the house located at 8618 Terra Mont Way, Helotes, Texas 78203.

8. All correspondence (including, without limitation, email communications) which in any way references, concerns or relates to the house located at 6118 Sierra Avila, San Antonio, Texas 78257,...[1]

9. All correspondence (including, without limitation, email communications) which in any way references, concerns or relates to Don Stevenson Design, Inc.,...

14. All documents and materials relating to or evidencing any income, expenses and profits incurred by you and/or Hyden for any work or services, provided regarding the house located at 6118 Sierra Avila, San Antonio, Texas 78257.

The Court now considers whether the subpoena should be quashed or modified in light of Hyden's objections. The Court finds that request no. 1 should be limited to the Sierra Avila Home and the Helotes House, and request no. 9 should be limited to the Sierra Avila Home. The Court does not modify or quash any of the remaining requests, and denies Hyden's request for sanctions.

## I.    LEGAL STANDARD

The general scope of discovery is defined by Federal Rule of Civil Procedure 26(b)(1):

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

---

[1] The parties in their respective filings confuse the language of request no. 8 and request no. 7 as written in the original subpoena. The Court addresses this *infra* in Section II.c.

The key phrase in this definition—"relevant to any party's claim or defense"—has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case. *See Hickman v. Taylor*, 329 U.S. 495, 501 (1947) (finding that the discovery rules allow parties to obtain "the fullest possible knowledge of the issues and facts before trial").

Consistent with the notice-pleading system established by the Federal Rules, discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues. *Id.* at 500–01. Nor is discovery limited to the merits of a case, for a variety of fact-oriented issues may arise during litigation that are not related to the merits. At the same time, "discovery, like all matters of procedure, has ultimate and necessary boundaries." *Id.* at 507. Parties may generally seek discovery of any relevant, non-privileged information. Fed. R. Civ. P. 26(b)(1). But discovery of matter not "relevant to any party's claim or defense and proportional to the needs of the case" is not within the scope of Rule 26(b)(1). It is proper to deny discovery of matter that is relevant only to claims or defenses that have been stricken, or to events that occurred before an applicable limitations period, unless the information sought is otherwise relevant to issues in the case. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350–52 (1978).

District courts have discretion to limit the scope of discovery when the information sought is unreasonably cumulative or unduly burdensome. Fed. R. Civ. P. 26(b)(2); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) (finding that Rule 26 "vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery"). The district court may limit the scope of discovery when "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)(iii). "Although a plaintiff should not be denied access to information necessary to establish her claim, neither may a plaintiff be permitted to go fishing

and a trial court retains discretion to determine that a discovery request is too broad and oppressive." *Surles v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007) (internal quotation marks and citations omitted).

Pursuant to Federal Rule of Civil Procedure 45(a)(1)(A)(iii), a party may serve a subpoena commanding a nonparty "to whom it is directed to . . . produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control[.]" The target of a Rule 45 subpoena can also file a motion to quash or modify the subpoena. Under Rule 45(d)(3)(A), "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." On a Rule 45(d)(3)(A) motion to quash or modify a subpoena, the moving party has the burden of proof. *See Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004). "Generally, modification of a subpoena is preferable to quashing it outright." *Id.*

The courts in this Circuit have found that "[t]he scope of discovery is the same under both Federal Rules of Civil Procedure 45 and 26." *Garcia v. Professional Contract Services, Inc.*, Case No. A-15-cv-585, 2017 WL 187577, at *2 (W.D. Tex. Jan. 17, 2017). Accordingly, the Court will apply Rule 26(b)(1)'s relevancy and proportionality factors in the context of Hyden's motion and the scope of plaintiff's subpoena. *See generally Am. Fed'n of Musicians of the United States & Canada v. SKODAM Films*, 313 F.R.D. 39, 44–45 (N.D. Tex. 2015).

## II. ANALYSIS

### a. Hyden's objection that the subpoena does not allow him a reasonable time to comply is now moot.

Hyden first objects to the subpoena on the grounds that it fails to allow a reasonable time to comply. Hyden was served on September 12, 2018, allowing him only two (2) days to comply. ECF No. 54 at 3. Plaintiff responds that difficulties in effecting service of the subpoena resulted in an unanticipated delay between the date the subpoena was issued (Aug. 28, 2018), and the date that it was served (Sept. 12, 2018). Recognizing that delay in service may be deemed insufficient notice given the compliance date prescribed in the subpoena (Sept. 14, 2018), plaintiff agreed to extend the deadline for Hyden's compliance to afford the reasonable time that Hyden required to respond. ECF No. 56 at 8. Plaintiff, in its response in opposition to Hyden's motion, attached counsel's email communication to Hyden's attorney dated September 14, 2018, offering to extend the deadline for however long Hyden requires to comply. ECF No. 56 Ex. E. Hyden does not raise this issue again in his reply to plaintiff's response. ECF No. 57. As such, the Court finds that this objection is now moot.

### b. The Court does not find the subpoena to be a fishing expedition in search of a suit against Hyden.

Hyden next seeks to quash request nos. 1, 3, 4, 8, 9, and 14 arguing that plaintiff is attempting to use the subpoena as a pre-suit discovery tool to determine whether or not Hyden has infringed on plaintiff's designs. Because plaintiff has not filed suit against Hyden, Hyden argues that this violates Federal Rule of Civil Procedure 27. Hyden argues that plaintiff's counsel, Kelly Johnson, acknowledged that the subpoena is being used as a pre-suit discovery tool by claiming in an e-mail communication that plaintiff is "entitled to discovery regarding additional infringements of the Sea Breeze plan and any other DSD design." ECF No. 54 at 3.

Hyden further argues that plaintiff is using the underlying case to continue its "fishing expedition" against him, which he alleges started in a prior attempt to implicate him in another copyright infringement suit, *Don Stevenson Design, Inc. v. Randy Herrera Designer, LLC, et al*, Case No. No. 5:16-cv-1130 (W.D. Tex. 2018). Hyden argues that plaintiff sought to subpoena documents from him in that cause of action twice, but was forced to dismiss that cause of action after it was determined that defendants had not used plaintiff's copyrighted work. ECF No. 54 at 4. Hyden argues, in effect, that this is plaintiff's second bite at the apple.

Plaintiff responds that Hyden is misrepresenting statements made by plaintiff's counsel. Counsel merely asserted that plaintiff is entitled to fully investigate the infringement case through discovery, and acknowledged that discovery can lead to additional claims for infringement, but did not assert that this discovery was specifically crafted for that purpose. ECF No. 56 at 9. Further, plaintiff responds that its efforts to obtain discovery from Hyden in the prior case were abandoned once Hyden provided a sworn statement affirming that he did not possess any information relating to the defendants or the infringing home involved in *Herrera*. *Id.* Plaintiff asserts that contrary to Hyden's depiction of the outcome in *Herrera*, one of the defendants in that case admitted that plaintiff's protected work was used by the defendants, but plaintiff voluntarily dismissed the *Herrera* case upon assessing the strength and value of its claim, and making a business decision that the case was no longer worth pursuing. ECF No. 56 at 10.

The Court agrees with plaintiff that, reading the e-mail communications at issue in their entirety, there is no support for the claim that the purpose of the subpoena is pre-suit discovery against Hyden. In the e-mail exchange, plaintiff's counsel very clearly states:

> At this juncture, we have no reason to believe that Mr. Hyden has committed any infringement of Plaintiff's designs, nor do we think he is responsible for the infringement committed by the Defendants in this case. If we did, we would have sued him in this action along with the rest of your clients.

ECF No. 56, Ex. C at 3. Furthermore, the Court sees no evidence in the record that plaintiff is on a "fishing expedition" with regard to Hyden, despite the fact that plaintiff twice attempted to subpoena him in a prior case. Plaintiff's dismissal of that case does not appear to have any connection with Hyden; on the contrary, plaintiff's efforts to obtain discovery from Hyden in that case were abandoned once Hyden provided a sworn statement affirming that he did not possess any information relating to the defendants or the allegedly infringing home involved in that action. ECF No. 56 at 9. The Court will not engage in speculation as to why plaintiff dismissed the earlier case, but will take plaintiff at its word that it "move[d] to voluntarily dismiss all claims against Defendants because it ha[d] determined, through substantial discovery, that the case is 'no longer worthwhile to continue to pursue.'" ECF No. 56, Ex. G. As such, the Court finds no reason to quash the present subpoena on the grounds that plaintiff is attempting to conduct pre-suit discovery or is on a "fishing expedition" against Hyden.

      **c.   The Court finds that request no. 1 should be modified so that it falls within the scope of allowable discovery, but finds that requests no. 4 and 8 are within the scope of allowable discovery.**

Next, Hyden specifically objects to the subpoena's requests nos. 1, 4, and 8 as being outside the scope of allowable discovery and not relevant to any claim or defense of any party. Hyden argues that this lawsuit concerns alleged copyright infringement related to a single house in San Antonio, Texas, yet plaintiff seeks production of documents related to the house in Helotes, Texas, which is no longer an issue in this suit based on plaintiff's amended complaint. ECF No. 54 at 4.

Plaintiff responds that it is likely that Hyden has information relevant to defendants' purported statute of limitations affirmative defense, "as it appears Defendants are attempting to confuse the dates of communications relating to the Helotes House, with the dates of communications relating to the Home." ECF No. 56 at 3. Plaintiff argues that this brings certain

documentation regarding the Helotes House into the scope of discovery, which plaintiff can use to defeat defendants' position that the statute of limitations has already run. *Id.* at 11.

Hyden responds that it is plaintiff who is confused about the timeline, citing the fact that plaintiff "has been and appears to still be unable to identify the date(s) of Defendants' alleged copyright infringement." ECF No. 57 at 5. Hyden notes plaintiff's reference to a "period of infringing activity" in the original complaint, allegations of infringement in "2014" in the amended complaint, and plaintiff's current admission that it needs to conduct discovery to figure out the date(s) of defendants' alleged infringement. *Id.* Hyden argues that defendants are not confusing the applicable timelines between the Sierra Avila and Helotes houses, and that defendants asserted their statute of limitations defense as to the Sierra Avila Home even after plaintiff filed its amended complaint omitting its copyright infringement claim related to the Helotes House. *Id.* Hyden argues that plaintiff's inability to identify the date of the alleged infringement does not constitute a basis for the broad discovery requests on non-party Hyden and does not "bring certain documentation regarding the Helotes House into the scope of discovery." *Id.*

The Court will consider these arguments with regards to requests nos. 1, 4, and 8 in turn. Considering request no. 1, the Court does not find that "[a]ll" such plans prepared by Don Stevenson Designs are relevant to the alleged infringement in this case. Clearly, though, plans prepared by Don Stevenson Designs that relate to the Sierra Avila Home are relevant, since that is the allegedly infringing house. The Court finds that plans or sketches related to the Helotes House are relevant as well, because defendants were granted a license to the Sea Breeze plans for that house and may have relied on the plans improperly for the design of the Sierra Avila Home. As such, the Court finds that request no. 1 should be modified so that it is limited to plans, specifications, sketches etc. that relate to either the house for which defendants had an exclusive

license, the Helotes House, or the allegedly infringing construction, the Sierra Avila Home. On this same reasoning, the Court finds that request no. 4, seeking floor plans of the Helotes House, may similarly be helpful in determining whether the Sierra Avila Home improperly made use of the Sea Breeze plans as used in the Helotes House. As such, request no. 4 will not be modified or quashed.

The Court finds that request no. 8 is relevant as well, but notes that the nature of this request has been muddied by the parties. Hyden's motion attaches the original subpoena request, in which request no. 8 is a request for correspondence with regards to the Terra Mont house in Helotes. ECF No. 54-1 at 6. But in the text of Hyden's motion, Hyden states that request no. 8 concerns the house located in Sierra Avila, San Antonio. ECF No. 54 at 3. Plaintiff does not include the text of the request in its response, but appears to be arguing for the relevance of request no. 8 as written in the original subpoena, not Hyden's motion. *See* ECF No. 56 at 11 ("The information regarding the Helotes House requested in the Subpoena is pertinent to the timeline made issue by this defense raised by Defendants.)." Hyden, in his reply, refers to request no. 8 in language similar to plaintiff. *See* ECF No. 57 at 7-8 ("Plaintiff seeks production of documents related to the Helotes home."). As the Court understands it, the dispute, therefore, is actually about request no. 8 as stated in the original complaint, which seeks information regarding the Helotes House. ECF No. 54-1 at 6.

The Court finds that the original request no. 8 (referencing the Helotes House), as well as the undisputed original request no. 7 (referencing the Sierra Avila Home), are relevant to the present case. In plaintiff's response in opposition to defendants' motion to dismiss, plaintiff stated that "there is definitely a question of material fact as to when construction of the Home commenced or occurred. To claim that there is 'no dispute' that Defendants were building the Home in 2013, and that Plaintiff somehow knew about it, is clearly erroneous, if not disingenuous." ECF No. 45

at 5. In light of the dispute about when construction commenced, the question of whether the e-mails and other correspondence in the record discussing the Sea Breeze plans refer to the Sierra Avila Home or the Helotes House is relevant to the case. The documents attached as exhibits in the record do not explicitly discuss which house they are referring to. *See* ECF no. 39-3 at 2; ECF No. 45-1 at 2. Other documents more clearly differentiating between the two houses may be found during discovery, shedding light on the timeline with regard to the Sierra Avila Home, and clarifying the dispute over the statute of limitations. As such, the Court finds that correspondence with regard to the Sierra Avila Home in San Antonio, in original request no. 7, and correspondence with regard to the Helotes House, in original request no. 8, are relevant and discoverable.

### d. The Court does not find request no. 14 to be overly burdensome.

Hyden next seeks to quash request no. 14, documents related to Hyden's income regarding the Sierra Avila Home in San Antonio, on the grounds that it is burdensome, harassing, and seeks to invade Hyden's private and personal information about his income and profits, which are not pertinent to defendants' alleged copyright infringements. ECF No. 54 at 4.

Plaintiff responds that this objection is unfounded, and fails to satisfy the specificity and particularity requirements necessary to assert an objection on these grounds. Plaintiff further argues that the request is narrowly tailored to documents and materials relating to the allegedly infringing Home, and is relevant to determining potential witness bias in addition to the scope of Hyden's work regarding the Home. ECF No. 56 at 11.

Hyden responds that plaintiff cites no legal authority in support of the contention that the information is discoverable for determining potential witness bias, nor does plaintiff explain how Hyden's financial information would reveal any bias on the part of Hyden or any other witness. ECF No. 57 at 8. Hyden also contends that plaintiff does not explain who or what the alleged bias

would be directed towards. *Id.* Further, Hyden argues that information regarding Hyden's income and profits is not pertinent to the critical issue in this case of whether defendants engaged in copyright infringement. *Id.*

Where a subpoenaed party asserts undue burden, that party "has the burden of proof to demonstrate that compliance with the subpoena would be unreasonable and oppressive." *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004) (quoting *Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D. Tex. 1998)) (internal quotation marks omitted). The party opposing discovery must show how the requested discovery was overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden. *See S.E.C. v. Brady*, 238 F.R.D. 429, 437–38 (N.D. Tex. 2006). "Whether a burdensome subpoena is reasonable must be determined according to the facts of the case, such as the party's need for the documents and the nature and importance of the litigation." *Wiwa*, 392 F.3d at 818 (internal quotation marks and footnote omitted). "To determine whether the subpoena presents an undue burden, [the Court] consider[s] the following factors: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed." *Id.* (footnote omitted). "Further, if the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party." *Id.* (footnote omitted).

"When a subpoena is issued as a discovery device, relevance for purposes of the undue burden test is measured according to the standard of [Federal Rule of Civil Procedure] 26(b)(1)." *Williams*, 178 F.R.D. at 110. To be relevant under Rule 26(b)(1), a document or piece of information need not, by itself, prove or disprove a claim or defense or have strong probative

force or value. If it were otherwise, it would make little sense for Rule 26(b)(1) to direct courts to consider whether discovery that is relevant to any party's claim or defense is also important in resolving the issues. Rule 26(b)(1) defines the scope of what is discoverable not as any nonprivileged fact but, more broadly, as "any nonprivileged matter." Fed. R. Civ. P. 26(b)(1). That is, "the scope of discovery is not limited simply to facts, but may entail other matters that remain relevant to a party's claims or defenses, even if not strictly fact-based." *In re Blue Cross Blue Shield Antitrust Litig.*, No. 2:13-cv-20000, 2015 WL 9694792, at *2 (N.D. Ala. Dec. 9, 2015) (internal quotation marks omitted).

For example, "[i]nformation relevant to a party's credibility may fall within Rule 26(b)'s scope." *Ramos v. Capitan Corp.*, No. 16-cv-00075, 2017 WL 1278737, at *3 (W.D. Tex. Feb. 2, 2017) (citing *Murillo Modular Grp., Ltd. v. Sullivan*, No. 3:13-cv-3020, 2016 WL 6139096, at *9 (N.D. Tex. Oct. 20, 2016)); *see* Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment ("Proportional discovery relevant to any party's claim or defense suffices, given a proper understanding of what is relevant to a claim or defense. The 2000 Note offered three examples of information that, suitably focused, would be relevant to the parties' claims or defenses [including] … 'information that could be used to impeach a likely witness.'"); *see also Samsung Electronics America, Inc. v. Yang Kun Chung*, 321 F.R.D. 250, 280 (N.D. Tex. 2017).

Given the broad scope of discoverable material that is deemed relevant under 26(b)(1), the Court finds the items requested in no. 14 to be relevant. Further, as information about monetary loss and gain can speak to a witness's credibility, the Court does not find that plaintiff's claim of possible bias is beyond the scope either. Unlike request no. 1, request no. 14 only involves the Sierra Avila Home, limiting the breadth of the document request and the time period covered by it. Finally, the burden imposed in searching for these documents as they relate to the single house

is not unduly burdensome. *Cf. Surles v. Greyhound Lines, Inc.*, 474 F.3d 288, 306 (6th Cir. 2007) (finding that compliance would be unduly burdensome where the record reflected that the search for responsive documents took approximately two weeks and over 180 hours of labor). As such, the Court finds that request no. 14 does not present an undue burden on Hyden.

### e. The Court finds that the requests in the subpoena, except for parts of requests nos. 1 and 9, are proportional to the needs of the case.

Hyden further argues that the information sought in the subpoena is not proportional to the needs of the case. Specifically, Hyden argues that the information requested is of low importance to resolving the issues in the case and is clearly an attempt to either implicate Hyden or find other alleged issues to raise in this or other lawsuits. ECF No. 54 at 5.

Plaintiff responds that the requested information is not only important to the claim of infringement itself, as Hyden should have firsthand knowledge of the alleged infringement due to his involvement in the project as a draftsman, but is also critical to certain affirmative defenses, such as defendants' statute of limitations defense and the timeline at issue therein. ECF No. 56 at 12. Plaintiff supports this assertion with its argument that Hyden is a "key" witness in this action, citing defendants' first amended objections and answers to plaintiff's first set of interrogatories. Amended Answers nos. 3 and 10.

Hyden responds that plaintiff is misleading the Court by stating that defendants identify Hyden as a key witness in this action, noting that the answers plaintiff alludes to indicate only that Hyden is a person with knowledge of the relevant facts and is a witness to plaintiff's interrogatories. ECF No. 57 at 3. Hyden argues that defendants never classified him as a "key" witness with regard to plaintiff's claim that is the basis of this lawsuit, and plaintiff has not produced any evidence to support its assertion that Hyden "undoubtedly had firsthand knowledge of the infringement." *Id.* at 4.

Under Rule 26(b)(1), discoverable matters must be both relevant and proportional to the needs of the case—which are related but distinct requirements. *See Rocha v. S.P. Richards Co.*, No. 5:16-cv-411, 2016 WL 6876576, at *1 (W.D. Tex. Nov. 17, 2016) ("Pursuant to the amended Federal Rules of Civil Procedure, requested discovery must be both relevant and proportional."). The Court agrees with Hyden that defendants do not assert that he is a "key witness" in the proceedings. Nonetheless, he is one of a number of listed potential witnesses, and any information that he may have relating to the alleged infringement is relevant to the case. As an alleged draftsman of the plans, it is conceivable that Hyden's documents will yield important evidence concerning the alleged infringing activity. As such, the requests that relate to the Sea Breeze plans and Hyden's role in the Sierra Avila Home are proportional to the needs of the case. However, request no. 1 should be limited as indicated above to the Sierra Avila Home and the Helotes House, and request no. 9 should be limited to the Sierra Avila Home only, in order to ensure that they are in proportion with the needs of the case.

### f.  The Court does not find that sanctions are merited in the present case.

Hyden argues that plaintiff failed to take reasonable steps to avoid imposing undue burden or expense on Hyden related to the issuance of the subpoena. ECF No. 54 at 5. As a result of the subpoena, Hyden claims that he has been forced to hire counsel, incur attorney's fees and associated costs, and lose time from his job. *Id.* Further, Hyden alleges that plaintiff served the subpoena in an attempt to conduct pre-suit discovery and implicate Hyden for copyright infringement. *Id.* Therefore, Hyden requests that the Court impose sanctions on plaintiff including lost earnings and reasonable attorney's fees.

Plaintiff responds that Hyden's request for sanctions is unfounded. ECF No. 56 at 13. Plaintiff argues that it has the right to conduct discovery, and has attempted to work with Hyden's

counsel to make compliance with the subpoena as easy and efficient as possible. *Id.* Plaintiff argues that there is therefore no basis for sanctions given the facts and circumstances presented. *Id.*

Hyden responds that plaintiff issued the subpoena as a result of plaintiff's inability after 2.5 years to establish that it brought its claims within the applicable limitations period, and despite the Magistrate Judge's finding in plaintiff's companion case that plaintiff granted defendants an exclusive license for the use of the Sea Breeze plan in the San Antonio area. ECF No. 57 at 9. Hyden further argues that plaintiff included a request for Hyden's insurance policies in order to help plaintiff decide who to sue after discovering that defendants do not have insurance coverage for the claims brought against them in this suit. *Id.* Hyden reiterates that plaintiff failed to take reasonable steps to avoid imposing undue burden or expense on Hyden. *Id.*

Federal Rule of Civil Procedure 45(d)(1) states that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply." Fed. R. Civ. P. 45(d)(1). But "Rule 45(d)(1) does not require that the Court impose sanctions any time that it modifies or quashes a subpoena as overbroad or imposing undue burden but rather where the party issuing the subpoena failed to take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." *Andra Group, LP v. JDA Software Group, Inc.*, 312 F.R.D. 444, 458–59 (N.D. Tex. 2015).

In *Andra*, the court held that the party had taken reasonable steps to avoid imposing undue burden or expense on the nonparty given the relevance of the documents sought as a general matter and defendant's offer to limit the scope of the requests, as well as the non-party's failure to show

undue burden other than that some of the requests are facially overbroad. *Id.* In the present case, like in *Andra*, the documents sought are relevant as a general matter. Further, like in *Andra*, plaintiff offered to withdraw several requests in the subpoena in an effort to accommodate Hyden. ECF No. 56-3 at 5. There is no evidence, as the Court has stated above, that plaintiff is attempting to conduct pre-suit discovery or implicate Hyden in the alleged infringement. The Court has also not yet ruled on whether plaintiff has brought its claim within the statute of limitations. Therefore, while the Court modifies the requests that are overbroad as explained above, the Court does not find that these modifications warrant sanctions. The Court holds that the parties should bear their own costs in connection with their disputes over compliance with the subpoena.

## III.    CONCLUSION

For the reasons set forth above, the Court modifies the subpoena limiting request no. 1 to the Sierra Avila Home and the Helotes House, and request no. 9 to the Sierra Avila Home. Hyden's motion to quash is therefore granted in part, and denied on all other grounds. A separate order will issue on this date.

SIGNED this _17th_ day of December, 2018.

Royce C. Lamberth
United States District Judge